UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUKESH MEHLA,<br><br>                              Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>                            Respondents. | Case No.: 19-cv-2245-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Petitioner Mukesh Mehla. (ECF No. 1).

**I. BACKGROUND**

    Petitioner is a native and citizen of India who is currently detained at the Otay Mesa Detention Center. (Petition, Ex. B, ECF No. 1-4 at 3, 8). On June 22, 2019, Petitioner entered the United States near the San Ysidro Port of Entry without inspection. Petitioner was apprehended by the U.S. Border Patrol, transported to the Otay Mesa Detention Center, and placed in expedited removal proceedings. After Petitioner expressed a fear of returning to India because he converted from Hindu to Christianity, Petitioner was referred to a USCIS asylum officer for a credible fear determination.

On August 21, 2019, the asylum officer interviewed Petitioner. The asylum officer determined that Petitioner "is found credible" but did not have a credible fear of persecution. (*Id.* at 13, 28). The asylum officer determined that "[a]lthough the applicant established a significant possibility of past persecution on account of his religion, there is substantial evidence that the applicant could internally relocate and that it would be reasonable for him to do so." (*Id.* at 29). A supervisor approved the asylum officer's determination on August 23, 2019.

On August 26, 2019, Petitioner requested review of the asylum officer's determination by an immigration judge. On August 29, 2019, the Immigration Judge reviewed the asylum officer's determination and interviewed Petitioner. (Petition, Ex. A, ECF No. 1-3 at 2). The Immigration Judge affirmed the determination of the asylum officer that Petitioner did not establish a credible fear of persecution and ordered Petitioner removed. The Immigration Judge determined, "Court finds respondent not credible and affirms on that basis due to de novo review authority and not based on internal relocation finding." (*Id.*).

On November 25, 2019, Petitioner filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 naming Respondents U.S. Department of Homeland Security; U.S. Customs and Border Protection; U.S. Citizenship and Immigration Services; U.S. Customs and Immigration Enforcement; U.S. Department of Justice; William P. Barr; Chad F. Wolf; Mark Morgan; Kenneth T. Cuccinelli; Carla L. Provost; David M. Radel; Alanna Y. Ow; Melissa M. Maxim; Gregory J. Archambeault; and Fred Figueroa. (ECF No. 1). Petitioner seeks 1) release from custody; 2) an order staying Petitioner's removal and barring his transfer to another detention facility; 3) an order enjoining Respondents from "continuing to apply the Lesson Plans and any related credible fear guidance issued by Respondents on or around April 30, 2019 and September 30, 2019;" 4) an order enjoining Respondents from "removing Petitioner without first providing him with new credible fear screening under correct legal standards or, in the alternative, full immigration

court removal proceedings pursuant to 8 U.S.C. § 1229a; and 5) attorneys' fees and costs. (ECF No. 1 at 41).

On November 25, 2019, Respondents filed a Return. (ECF No. 2).

On November 27, 2019, Petitioner filed a Reply. (ECF No. 4).

The Court heard oral argument on the Petition for Writ of Habeas Corpus on December 2, 2019.

## II. CONTENTIONS

Petitioner alleges that habeas relief is warranted because Petitioner's Fourth and Fifth Amendment rights were violated "on account of acts taken by the Respondents in disregard of substantive and procedural due process." (ECF No. 1 ¶ 3). Petitioner alleges that "Respondents' efforts and actions to deport and remove him . . . fail to meet the most basic requirements of the Suspension Clause, and thus the determination and removal orders are faulty and without legal force." (*Id.* ¶ 103). Petitioner alleges that "he is being held, and ordered removed, without having had a 'meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law.'" (*Id.* ¶ 3 (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008)). Petitioner contends that the Department of Homeland Security has not met its burden to establish that "there is not countrywide persecution" such that it would be reasonable for Petitioner to relocate. (*Id.* ¶¶ 27-28). Petitioner further alleges that the April 30, 2019, and September 30, 2019, "Lesson Plans" issued by the Trump administration, which provide guidance to asylum officers on credible fear screenings, instruct officers "in a manner that is contrary to the governing statutes and regulations and substantially—and unlawfully—narrows access to the immigration and federal court systems." (*Id.* ¶¶ 4, 10).

Respondents contend that habeas relief is not warranted. Respondents contend that the Court lacks jurisdiction to review Petitioner's challenge to the "Lesson Plans." Respondents contend that 8 U.S.C. § 1252(e)(3) requires systemic challenges to expedited removal proceedings to be brought in the United States District Court for the District of Columbia. Respondents further contend that Petitioner fails to state a claim upon which

3

19-cv-2245-WQH-BGS

relief can be granted because "Petitioner sets forth allegations of what happened before the asylum officer and the IJ, but makes no specific allegations that either of them did anything unconstitutional or otherwise unlawful." (ECF No. 2 at 5).

## III. STANDARDS GOVERNING EXPEDITED REMOVAL

Expedited removal procedures are governed by 8 U.S.C. § 1225. Section 1225(a)(1) provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." "All aliens . . . who are applicants for admission . . . shall be inspected by immigration officers." 8 U.S.C. § 1225(a)(3). If the immigration officer determines that the alien is inadmissible under § 1182(a)(6)(C), which applies to aliens who seek admission by fraud or misrepresentation, or § 1182(a)(7), which applies to aliens who lack valid entry documents, the officer "shall order the alien removed from the United States without further hearing or review . . . ." 8 U.S.C. § 1225(b)(1)(A)(i). If, however, the inadmissible alien indicates either an intention to apply for asylum or a fear of persecution, "the officer shall refer the alien for an interview by an asylum officer . . . ." 8 U.S.C. § 1225(b)(1)(A)(ii); *see* 8 C.F.R. § 235.3(b)(4) ("If an alien subject to the expedited removal provisions indicates an intention to apply for asylum, or expresses a fear of persecution or torture, or a fear of return to his or her country, the inspecting officer shall not proceed further with removal of the alien until the alien has been referred for an interview by an asylum officer . . . .").

The asylum officer interviews the alien, reviews material facts, and determines whether the alien has a credible fear of persecution. 8 U.S.C. § 1225(b)(1)(B). A credible fear of persecution means "that there is a significant possibility, taking into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the officer, that the alien could establish eligibility for asylum . . . ." 8 U.S.C. § 1225(b)(1)(B)(v). Eligibility for asylum is governed by 8 U.S.C. § 1158, which provides that the Attorney General has discretion to grant an alien political asylum if the alien is a refugee, a person who is unable to return to his home country because of

"persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §1158(a)(42)(A). "If the officer determines at the time of the interview that an alien has a credible fear of persecution . . . the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). "[I]f the officer determines the alien does not have a credible fear of persecution, the officer shall order the alien removed from the United States without further hearing or review." 8 U.S.C. § 1225(b)(1)(B)(iii)(I).

If the asylum officer determines that the alien does not have a credible fear of persecution, the alien may request "prompt review by an immigration judge" of the asylum officer's determination. 8 U.S.C. § 1225(b)(1)(B)(iii)(III). The review "shall include an opportunity for the alien to be heard and questioned by the immigration judge, either in person or by telephonic or video connection." *Id.* The asylum officer must:

> provide the alien with a written notice of decision and inquire whether the alien wishes to have an immigration judge review the negative decision, using Form I–869, Record of Negative Credible Fear Finding and Request for Review by Immigration Judge. The alien shall indicate whether he or she desires such review on Form I–869. A refusal by the alien to make such indication shall be considered a request for review.

8 C.F.R. § 208.30(g)(1); *see also* 8 C.F.R. 1208.30(g)(2)(ii) ("The asylum officer's negative decision regarding credible fear shall be subject to review by an immigration judge upon the applicant's request, or upon the applicant's refusal either to request or to decline the review after being given such opportunity. . . .").

The immigration judge reviews the asylum officer's determination *de novo*. 8 C.F.R. § 1003.42(d)(1). The immigration judge "may receive into evidence any oral or written statement which is material and relevant to any issue in review." 8 C.F.R. § 1003.42(c). The immigration judge determines "whether there is a significant possibility, taking into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the immigration judge, that the alien could establish eligibility for asylum . . . ." 8 C.F.R. § 1003.42(d)(1). "If the immigration judge concurs

with the determination of the asylum officer that the alien does not have a credible fear of persecution or torture, the case shall be returned to the Service for removal of the alien. The immigration judge's decision is final and may not be appealed." 8 C.F.R. § 1208.30(g)(2)(iv)(A).

## IV. SCOPE OF JUDICIAL REVIEW

A federal court may grant a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if a petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States."

8 U.S.C. § 1252 governs the scope of judicial review of expedited removal orders. Section 1252 states that, except as provided in subdivision (e), "no court shall have the jurisdiction to review . . . the application of [§ 1225(b)(1)] to individual aliens, including the [credible fear] determination made under [§ 1225(b)(1)(B)]." 8 U.S.C. § 1252(a)(2)(A)(iii). Subdivision (e) authorizes judicial review of limited issues related to expedited removal orders. Subdivision (e) provides:

> **(2)** Habeas corpus proceedings. Judicial review of any determination made under section 235(b)(1) [8 USCS § 1225(b)(1)] is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> **(A)** whether the petitioner is an alien,
>
> **(B)** whether the petitioner was ordered removed under such section, and
>
> **(C)** whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 207 [8 USCS § 1157], or has been granted asylum under section 208 [8 USCS § 1158], such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 235(b)(1)(C) [8 USCS § 1225(b)(1)(C)].

8 U.S.C. § 1252(e). In determining "whether the petitioner was ordered removed," the court's inquiry "shall be limited to whether such an order in fact was issued and whether it

relates to the petitioner. There shall be no review of whether the alien is actually admissible or entitled to relief from removal." 8 U.S.C. § 1252(a)(5).

Section 1252(e)(2) "limits a district court to reviewing three basic factual determinations related to an expedited removal order." *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097, 1103 (9th Cir. 2019), *cert. granted by Dep't of Homeland Sec. v. Thuraissigiam*, 2019 U.S. Dist. LEXIS 6487 (Oct. 18, 2019). As one of the "'most stringent' jurisdiction-limiting provisions in the immigration statutes . . . § 1252(e)(2) permits review only of 'habeas petitions alleging that the petitioner is not an alien or was never subject to an expedited removal order.'" *Id.* (quoting *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1135, 1139 (9th Cir. 2008)); *see Meng Li v. Eddy*, 259 F.3d 1132, 1134-35 (9th Cir. 2001), *vacated on reh'g as moot*, 2003 U.S. App. LEXIS 6522 (9th Cir., Apr. 7, 2003) ("With respect to review of expedited removal orders, however, the statute could not be much clearer in its intent to restrict habeas review. . . . Accordingly, only two issues were properly before the district court: whether the order removing the petitioner was in fact issued, and whether the order named [petitioner]. Because these issues were not contested in the case, the district court properly dismissed the petition for failure to raise any issue within its jurisdiction to review.").

In *Thuraissigiam*, under review by the United States Supreme Court, the Ninth Circuit Court of Appeals held that the habeas review available to the petitioner pursuant to "§ 1252(e)(2) violates the Suspension Clause as applied to [petitioner]." *Thuraissigiam*, 917 F.3d at 1119. The petitioner in *Thuraissigiam* alleged that the government "failed to follow the required procedures and apply the correct legal standards when evaluating his credible fear claim." *Id.* at 1116. The court determined that "the Suspension Clause requires review of those claims." *Id.* The court explained:

> Although § 1252(e)(2) does not authorize jurisdiction over the claims in [petitioner's] petition, the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, requires that [petitioner] have a "meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law" . . . . Because § 1252(e)(2) does not provide that meaningful

opportunity, the provision violates the Suspension Clause as applied to [petitioner].

*Id.* at 1100. (quoting *Boumediene*, 553 U.S. at 779). The court stated it does "not profess to decide in this opinion what right or rights [petitioner] may vindicate via use of the writ. The district court has jurisdiction and, on remand, should exercise that jurisdiction to consider [petitioner's] legal challenges to the procedures leading to his expedited removal order." *Id.* at 1119. *Thuraissigiam*, therefore, stands for the proposition that the Court has jurisdiction over a petitioner's petition for habeas corpus that alleges that the government failed to follow the governing procedures or apply the correct legal standards in evaluating a credible fear claim.

Section 1252(e) further confers jurisdiction for "[c]hallenges [to the] validity of the [expedited removal] system." 8 U.S.C. § 1252(e)(3).

> **(A)** In general. Judicial review of determinations under section 235(b) [8 USCS § 1225(b)] and its implementation is available in an action instituted in the United States District Court for the District of Columbia, but shall be limited to determinations of—
>
> **(i)** whether such section, or any regulation issued to implement such section, is constitutional; or
>
> **(ii)** whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this title or is otherwise in violation of law.

8 U.S.C. § 1252(e)(3). Systemic challenges "must be filed no later than 60 days after the date the challenged section, regulation, directive, guideline, or procedure . . . is first implemented." 8 U.S.C. § 1252(e)(3)(A)-(B).

///

///

## V. DISCUSSION

In this case, Petitioner challenges the "Lesson Plans" issued by the Trump Administration[1] and the asylum officer and Immigration Judge's finding that Petitioner failed to establish a credible fear of persecution and challenge.

Regarding Petitioner's challenge to the "Lesson Plans," this Court lacks jurisdiction to review Petitioner's claims pursuant to 8 U.S.C. § 1252(e)(3)(A). Petitioner alleges that the "Lesson Plans" instruct officers "in a manner that is contrary to the governing statutes and regulations . . . ." (ECF No. 1 ¶¶ 4, 10). The "Lesson Plans" provide guidance for asylum officers on how to "correctly make a credible fear determination" under the governing statutes and regulations. (*See* Petition, Ex. C, ECF No. 1-5 at 2, 4; Petition, Ex. D, ECF No. 1-6 at 2, 6). This is exactly the sort of challenge prohibited by § 1252(e). *See* 8 U.S.C. § 1252(e)(3)(A)(ii) (jurisdiction over whether written policy guidelines are not consistent with law limited to jurisdiction by the United States District Court for the District of Columbia). The holding in *Thuraissigiam* does not extend to systemic challenges under § 1252(e)(3). *See* 917 F.3d at 1110 (reviewing challenge to subdivision (e)(2)). Unlike subdivision (e)(2), which restricts the scope of claims that *any* court may review, subdivision (e)(3) broadly provides for review of written policies, directives, guidelines, and procedures, but limits the *forum* where the petitioner may bring claims. Subdivision (e)(3) does not raise the same constitutional concerns as subdivision (e)(2) and is not governed by the narrow holding in *Thuraissigiam*. This Court lacks jurisdiction over Petitioner's challenge to the "Lesson Plans."

---

[1] Petitioner contends in his Reply that he "is not bringing this habeas action to ask this Court to review the 'Lesson Plans.'" (ECF No. 4 at 2). Petitioner, however, requests relief in the form of an injunction to preclude Respondents from "continuing to apply the Lesson Plans and any related credible fear guidance issued by Respondents on or around April 30, 2019 and September 30, 2019." (ECF No. 1 at 41). Petitioner further contends that the "Lesson Plans" instruct asylum officers to apply an incorrect legal standard to determine whether an alien has a credible fear of persecution. Accordingly, the Court addresses Petitioner's challenge to the "Lesson Plans."

Regarding Petitioner's individual challenge to the asylum officer and Immigration Judge's decision, Petitioner alleges that "[t]his court has jurisdiction to review Credible Fear Review determinations made by an Immigration Judge under the Suspension Clause." (ECF No. 1 ¶ 18). Although this Court does have jurisdiction to review claims that the government failed to follow the required procedures or apply the correct legal standards in evaluating a credible fear claim, Petitioner does not make either of these claims in this case. Instead, Petitioner makes a systemic challenge to the governing policies and then simply disagrees with the conclusion of the asylum officer and Immigration Judge.

First, Petitioner alleges that, in making the credible fear determination, the asylum officer failed to meet their burden to show there is not countrywide persecution such that it would be reasonable for petitioner to relocate. (ECF No. 1 ¶ 27-28). Petitioner does not allege that the asylum officer applied the incorrect standard or failed to follow procedures, other than challenging the "Lesson Plans," which this Court lacks jurisdiction to review. The record in this case shows that the asylum officer conducted a robust interview of Petitioner and made substantial findings supporting their conclusion that Petitioner could relocate. Petitioner simply disagrees with the officer's discretionary conclusion. This is not a claim that the Ninth Circuit has found the Court has jurisdiction to review. *See Funes Suazo v. McAleenan*, No. 19cv1882-LAB (MSB), 2019 WL 4849188, at *1 (S.D. Cal. Oct. 1, 2019) (explaining that *Thuraissigiam* "makes clear that district courts have jurisdiction at least to consider claims that they were deprived of a meaningful opportunity to present their claims and have them adjudicated. But it does not appear to provide for judicial review of an immigration judge's discretionary determinations"). Petitioner's claims that the asylum officer violated Petitioner's constitutional rights are conclusory. Petitioner fails to state facts from which the Court can infer that the asylum officer violated Petitioner's constitutional rights, applied the incorrect governing standard, or failed to follow any required procedures.

Second, Petitioner has not alleged any facts from which the Court can infer habeas relief is warranted based on the Immigration Judge's decision. The Immigration Judge

reviewed the asylum officer's determination *de novo* and affirmed the decision based on a finding that Petitioner was not credible. Petitioner does not challenge the Immigration Judge's credibility finding and does not state facts from which the Court can infer the Immigration Judge applied an incorrect legal standard or failed to follow any required procedures. The only challenge to the legal standards in this case is a systemic challenge to the "Lesson Plans," which this Court lacks jurisdiction to review. 8 U.S.C. § 1252(e)(3)(A)(ii). The Court further lacks jurisdiction to review the Immigration Judge's discretionary decision. *Funes Suazo*, 2019 WL 4849188, at *1. Petitioner's allegations that the Immigration Judge failed "to provide him with a fair hearing and review" are conclusory. Petitioner fails to state facts from which the Court can infer that the Immigration Judge violated Petitioner's constitutional rights.

## VI. CONCLUSION

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Petitioner Mukesh Mehla (ECF No. 1) is DENIED.

Dated: December 4, 2019

Hon. William Q. Hayes
United States District Court